THE FARMERS' LOAN & TRUST COMPANY *vs.* CENTRAL RAILROAD OF IOWA and others.

*(Circuit Court, D. Iowa. May, 1880.)*

JURISDICTION—MASTER IN CHANCERY.—Consent will not authorize a master in chancery to act as a referee at law.

The original suit was a bill in equity to foreclose a mortgage upon the Central Railroad of Iowa. In the course of the proceedings a receiver was appointed to operate the road, and while the road was in his hands one A. McKay was injured, as is claimed, by the negligence of the receiver's agents, engaged in running a train of freight cars. Subsequently, there was a decree for the sale of the road, saving, however, the rights of all persons who had claims against the receiver or the railroad company accruing while the receiver was in charge. The receiver has been discharged, but, in virtue of certain orders and decrees heretofore made in the case, the court is authorized to enforce as against the road and the present owner all such claims.

In January, 1879, McKay petitioned the court for leave to sue the receiver, and the matter was referred to the master to inquire into the facts and report upon the question whether leave to sue should be granted.

After this reference the parties stipulated that said master should hear and determine the whole case, and find the facts, the right to sue being admitted, and that his report should stand as the verdict of the jury. In pursuance of

said stipulation the master took testimony, and, after hearing argument, reported in favor of the right of said McKay to recover the sum of $2,217.   Upon this report McKay, by his counsel, moves for judgment.

*Mr. Lacy,* for petitioner.

*Mr. Boardman,* for defendant.

McCRARY, C. J.   There being no longer any fund in court to be administered, and the receiver having been discharged, the court hold that all actions prosecuted by permission of the court against the railroad company, for damages resulting from personal injuries, must be regarded as common-law actions, in which either party is entitled to trial by jury, unless the same be waived.   The chancery powers of the court can be invoked only after judgment, and for the purpose of enforcing the judgment, as provided by the orders and decrees heretofore made.   No reference of such a case can be made without consent to a master, except for the purpose of reporting the facts, in order that the court may determine whether permission to sue shall be given; but by consent of parties leave to sue may be given, and a jury may be waived, and the case sent to a referee to find and report upon the issues both of law and of fact.

The report of the master in the case of *McKay* must be considered as relating to the question of the right to sue, as it was not competent for the parties, by stipulation, to confer upon the master jurisdiction to hear and determine the merits.   The order referring the case to the master was an order out of chancery.   Its sole purpose was to advise the court of the facts necessary to be understood before determining the application of petitioner for leave to sue the receiver.   It was not competent for the parties, by agreement, to constitute the master a referee at law, or to confer upon him the powers of such a referee.   There has been, up to this moment, no action at law in this court between the petitioner and the receiver, or the petitioner and the railroad company.   The court itself could not, without violating its well-settled rules, intermingle its equity and common-law jurisdiction by trying a common-law action on the chancery side of the court.

v.2,no.8—42

Much less can the parties themselves do this without the order of the court.

We sent out an order in chancery to a master of this court, and it is now claimed that, in response to this order, a report may be brought in by a referee at law in relation to a common-law action, upon which we may render judgment at law. Not so. The proceedings of the master, in so far as he acted as referee, were unauthorized; as much so as if they had been had before any other person. His report will be considered only so far as it presents matter for the consideration of a chancellor, and is responsive to the order of appointment. Being so considered, it shows clearly that petitioner should be permitted to prosecute his claim by suit at law against the railroad company, and such permission is granted. The parties being before the court, the issues may be joined without delay, and the cause will be submitted to a jury at the present term, unless a jury be waived.

LOVE, D. J., concurs